UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GLEN McDANIEL                    ]
    Plaintiff,                   ]
                                 ]
v.                               ]        No. 3:13-1144
                                 ]        Judge Campbell
DANNY JOE CHAPPELL               ]
    Defendant.                   ]

**O R D E R**

The Court has before it a *pro se* prisoner complaint (Docket Entry No.1) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No.2).

It appears from the application that the plaintiff lacks sufficient financial resources to pay for the filing of the complaint. Therefore, the plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

1

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff was injured as he was being transported from the Cook County Jail in Chicago to the Clark County Jail in Arkadelphia, Arkansas. The plaintiff alleges that his injuries were caused by the defendant driver's negligence.

The plaintiff has previously raised his claims in two actions before the Court. In the earlier action, the plaintiff sought relief from the defendant based upon a theory of negligence. *See* <u>McDaniel v. Chappell, et al.</u>, Civil Action No.3:12-0106 (M.D. Tenn.). That action was dismissed for failure to state a claim upon which relief could be granted.

The latter action sought to impose liability upon the defendant based upon his alleged denial of adequate medical care. *See* <u>McDaniel v. Chappell</u>, Civil Action No. 3:13-0904 (M.D. Tenn.). This action was also dismissed for failure to state a claim.

To promote the interests of judicial economy, a district court

may raise the doctrine of res judicata *sua sponte*. <u>Holloway Construction Co. v. United States Department of Labor</u>, 891 F.2d 1211, 1212 (6th Cir.1989)(per curiam). Thus, an action will be barred under res judicata where (1) prior litigation involved the same parties or their privies, (2) the prior litigation was terminated by a final judgment on the merits, and (3) the prior litigation involved the same claim or cause of action as the present lawsuit. <u>Hydranautics v. Film Tec Corporation</u>, 204 F.3d 880 (9th Cir.2000).

In this case, the plaintiff is once again alleging a claim under 42 U.S.C. § 1983 against the same defendant sued in the prior actions, predicated upon the same course of events. The previous actions were dismissed for failure to state a claim, which constitutes a dismissal on the merits. <u>Pratt v. Ventas, Inc.</u>, 365 F.3d 514,522 (6th Cir.2004). Therefore, pursuant to the doctrine of res judicata, the instant action is barred.

Accordingly, this action is hereby DISMISSED. The Clerk is directed to send a copy of this order to the Warden of the Grimes Penal Unit in Newport, Arkansas to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Act relating to the payment of the filing fee.

An appeal of the judgment rendered herein would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is NOT certified to pursue an

appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

It is so ORDERED.

_____
Todd Campbell
United States District Judge